UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JEFFREY BARTELS,

                                          Plaintiff,

                          -against-

CV-08-1256 (AKT)

THE INCORPORATED VILLAGE OF LLOYD HARBOR,
LELAND M. HAIRR, individually, GEORGE M. McCABE,
individually, JEAN THATCHER, individually,
CHARLES FLYNN, individually, VINCENT
O'SHAUGHNESSY, individually, RENALD DIFONZO,
individually, CHRISTOPHER GRIMM, individually,
and JOHN RITTER, JR., individually,

                                          Defendants.
-------------------------------------------------------------------X

## **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Preliminary (after being sworn and before hearing evidence):

      Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case. You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you. You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal

Plaintiff's Proposed Jury Instructions
*Bartels v. The Incorporated Village of Lloyd Harbor et al.*
CV 08-1256 (AKT)                                                                                   Page 1 of 12

principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

[*The agreed-upon statement of the case is read to the jury and the trial proceeds.*]

<u>After the close of evidence</u>

1. Mr. Bartels, the Plaintiff, has sued under a federal law known as 42 U.S.C. Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional statutory rights by persons acting under color of state law.

2. Because Defendants LELAND M. HAIRR, GEORGE M. McCABE, JEAN THATCHER, CHARLES FLYNN, VINCENT O'SHAUGHNESSY, RENALD DIFONZO, CHRISTOPHER GRIMM, and JOHN RITTER, JR. were officials of the Village of Lloyd Harbor at the relevant time, I instruct you that they were acting under color of state law. In other words, this element of the Plaintiff's claim is not in dispute, and you must find that this element has been established.

3. I have already instructed you on the first element of Plaintiff's claim, which requires Plaintiff to prove that Defendants acted under color of state law. The second element of Plaintiff's claim is that Defendants deprived him of a federal constitutional right. Whether they did so is a question that you will now decide after having heard all of the evidence.

4. Mr. Bartels and his attorneys have the burden of proving each element of their case by what is called the preponderance of the evidence. That means that they have to prove to you, in light of all the evidence, that what they claim is more likely so than not so. To say it differently, if you were to put the evidence favorable to the Plaintiff and the evidence favorable to the

Defendants on opposite sides of the scales, the Plaintiff, Mr. Bartels, would have to make the scales tip somewhat on his side. If you find that he failed to meet this burden, the verdict must be for the Defendants. On the other hand, if you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

5. In determining whether any fact has been proved by a preponderance of evidence in this case, you may, unless you have been otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

6. Plaintiff claims that the constitutional rights of which Defendants deprived him are his First Amendment rights to free speech and to petition the government for the redress of grievances.

7. The First Amendment to the United States Constitution gives persons a right to freedom of speech. Under the First Amendment, the people have a right to engage in free speech on matters of public importance, and persons acting under color of state law must not prevent the people from exercising that right or retaliate against the people for exercising this right. In this case, Plaintiff claims that he engaged in protected speech by speaking out at Village meetings, by publicly speaking out against, questioning, and challenging the morals, procedure and policy of Village officials and Village police, by attempting to display a sign on his truck protesting the Village's tree-cutting policy, by writing letters to Village officials and Village police describing dangerous conditions in the Village, and by taking and disseminating photographs of dangerous

conditions in the Village. Plaintiff further claims that Defendants prevented him from exercising his free speech rights by having police officers "shadow" him at public meetings, by repeatedly threatening him with arrest, by having an police officer physically place his hand on Plaintiff's shoulder to force him to sit down while he was standing and addressing the Village Board at a public meeting, and by ordering him to stop displaying sign on his truck protesting the Village's tree-cutting policy. Plaintiff further claims that Defendants retaliated against him by deliberately refusing to remedy known dangerous conditions and ordering him not to do so himself, by humiliating, threatening and harassing him, and by unlawfully charging him with the commission of a crime.

8. It is my duty to instruct you on whether the Plaintiff engaged in activity that was protected by the First Amendment. In this case, I instruct you that the following activity was protected by the First Amendment: speaking at Village meetings, publicly speaking out against, questioning, and challenging the morals, procedure and policy of Village officials and Village police, displaying or attempting to display a sign on his truck protesting the Village's tree-cutting policy, writing letters to Village officials and Village police describing dangerous conditions in the Village, and taking and disseminating photographs of dangerous conditions in the Village.

9. As previously explained, the Plaintiff has the burden to prove that the acts of the Defendants deprived him of particular rights under the United States Constitution. In order to prove that the Defendants deprived the Plaintiff of his First Amendment rights, the Plaintiff must prove the following additional two elements by a preponderance of the evidence:

A. that the Defendants took adverse action against the Plaintiff; and

B. that the Plaintiff's protected speech was a substantial motivating factor for the Defendants' action.

10. In each instance in which you find that, based on the evidence you have seen and heard, the Defendants took adverse action against the Plaintiff, you must ask yourself whether the Plaintiff's protected speech was a substantial motivating factor for the Defendants' action. If you find that the Defendants' action was motivated by something other than the Plaintiff's protected speech, you must find for the Defendants in that instance and may not find for the Plaintiff or award the Plaintiff damages for deprivation of his constitutional rights in that instance.

11. When considering whether the Plaintiff's protected speech was a motivating factor for the Defendants' adverse actions, you may consider circumstantial evidence, such as temporal proximity or the timing between the plaintiff's speech and the defendants' retaliatory conduct, or direct evidence, such as comments made by the defendants. Evidence of improper motive may include expressions by the officials involved regarding their state of mind, circumstances suggesting in substantial fashion that the plaintiff has been singled out, or the highly unusual nature of the actions taken.

12. I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendants should be held liable. If you do find the Defendants liable, then you must consider the issue of compensatory damages. You must award the Plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of the Defendants' conduct.

13. The Plaintiff must show that the injury would not have occurred without the Defendants' act. The Plaintiff must also show that the Defendants' act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Defendants' act.

14. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. The Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

15. The Plaintiff claims the following items of compensatory damages: (1) emotional and mental harm to the Plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that the Plaintiff is reasonably certain to experience in the future; and (2) the reasonable value of legal services that the Plaintiff reasonably needed and actually obtained to defend and clear himself in connection with the criminal charges lodged against him.

16. In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

17. If you return a verdict for the Plaintiff, but find that the Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $ 1.00. A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a

federal right, even where no actual injury occurred. However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

18. In addition to compensatory or nominal damages, you may consider awarding the Plaintiff punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. The jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages. You may only award punitive damages if you find that a particular defendant or defendants acted maliciously or wantonly in violating the Plaintiff's federally protected rights. In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly. You may not award punitive damages against the Village of Lloyd Harbor, only against the individual persons acting under color of state law who are named as defendants.

19. I have instructed you that you may only award punitive damages if you find that a particular defendant or defendants acted maliciously or wantonly in violating the Plaintiff's federally protected rights. I am now going to instruct you on the meaning, under the law, of malicious or wanton. A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he or she consciously desires to violate federal rights of which he or she is aware, or when he or she consciously desires to injure the plaintiff in a manner he or she knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully. A violation is wanton if the

person committing the violation recklessly or callously disregarded the plaintiff's rights.

20. If you find that it is more likely than not that a particular defendant acted maliciously or wantonly in violating the Plaintiff's federally protected rights, then you may award punitive damages against that defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that the defendant in question acted maliciously or wantonly in violating the Plaintiff's federally protected rights.

21. If you have found that the defendant in question acted maliciously or wantonly in violating the Plaintiff's federally protected rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish that defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent that defendant from again performing any wrongful acts that he or she may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those that the defendant or defendants in question may have committed.

Plaintiff's Proposed Jury Instructions
*Bartels v. The Incorporated Village of Lloyd Harbor et al.*
CV 08-1256 (AKT)                                                                                    Page 8 of 12

22. If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which the defendant or defendants in question should be punished for his or her wrongful conduct toward the Plaintiff, and the degree to which an award of one sum or another will deter the defendant or defendants in question or others from committing similar wrongful acts in the future. In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. Bear in mind that when considering whether to use punitive damages to punish the defendant or defendants in question, you should only punish the defendant or defendants in question for harming the Plaintiff, and not for harming people other than the Plaintiff. As I have mentioned, in considering whether to punish a particular defendant or defendants, you should consider the nature of defendant or defendants' conduct – in other words, how blameworthy that conduct was. In some cases, evidence that a defendant's conduct harmed other people in addition to the plaintiff can help to show that the defendant's conduct posed a substantial risk of harm to the general public, and so was particularly blameworthy. But if you consider evidence of harm a particular defendant or defendants caused to people other than the plaintiff, you must make sure to use that evidence only to help you decide how blameworthy the defendant's conduct toward the Plaintiff was. Do not punish any defendant for harming people other than the Plaintiff. Those other people are not parties to this lawsuit.

23. When you retire to the jury room to deliberate, you may take with you your notes and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

24. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

25. Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

26. Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

27. As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest

Plaintiff's Proposed Jury Instructions
*Bartels v. The Incorporated Village of Lloyd Harbor et al.*
CV 08-1256 (AKT)     Page 10 of 12

convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

28. When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone like Blackberries or iPhones, or computer of any kind; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

29. If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

30. One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

31. Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

32. A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

33. Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.