UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JEFFREY BARTELS,

                        Plaintiff,

                - against -

THE INCORPORATED VILLAGE OF LLOYD
HARBOR, LELAND M. HAIRR, GEORGE M.
MCCABE, JEAN THATCHER,CHARLES FLYNN,
VINCENT O'SHAUGHNESSY, RENALD DIFONZO,
CHRISTOPHER GRIMM, JOHN RITTER, JR.,

                    Defendants.
-------------------------------------------------------------------X

08-CV-1256 (AKT)

**DEFENDANTS' PROPOSED
JURY INSTRUCTIONS**

Defendants respectfully request that the Court instruct the jury in accordance with the charge set forth as follows:

### DUTY OF JURY TO FOLLOW INSTRUCTIONS

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions, or from anything I may say or do, any indication that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Source: <u>Section 1983 Litigation: Jury Instructions</u>, Volume 4, Instructions 2.06.2

## SECTION 1983

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. §1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of individuals who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Constitution.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must demonstrate to prove a violation of these rights.

To establish his claim under section 1983, the plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendant's conduct was under color of state law;

Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

Third, that the defendant's conduct was a proximate cause of the injuries and damages, if any, sustained by the plaintiff.

2

I will explain each of these elements to you.

### FIRST ELEMENT: COLOR OF LAW

As to the first element- -whether the defendants were acting under color of state law- -there is no dispute in this case that during the events in issue here the defendants, Leland M. Hairr, George M. McCabe, Jean Thatcher, Charles Flynn, Vincent O'Shaughnessy, Renald DiFonzo, Christopher Grimm and John Ritter, Jr., as, Village employees and/or agents, were acting under color of law. Therefore, you need not concern yourself with that element of the plaintiff's case.

### SECOND ELEMENT: DEPRIVATION OF A FEDERAL RIGHT

The second element of the plaintiff's claim is that defendants' conduct deprived plaintiff of a federal right. Plaintiff claims in this case that he was deprived of his right to exercise free speech under the First Amendment to the federal Constitution. I will explain the elements of the plaintiff's First Amendment claim later in these instructions.

### THIRD ELEMENT: PROXIMATE CAUSE

The third element the plaintiff must prove is that the defendants' conduct was a proximate cause of plaintiff's damage. Under Section 1983, the defendants are responsible for the natural consequences of his or her actions. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether any damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendants' conduct. An injury that is a direct result, or a reasonable probable consequence of a defendants' conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendants' conduct as being a cause of the injury. If so, the conduct is a proximate cause.

3

A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

If you find that plaintiff has proven all three elements of his claim by a preponderance of the evidence with respect to a particular defendant whom you are considering separately, you should find that defendant liable. If you find that plaintiff has not proven any one of these elements with respect to the particular defendant you are considering, then you must find that defendant not liable and return a verdict for him or her.  Remember that the case as to each of these individual defendants must be considered separately by you. The fact that you find that one of the defendants is or is not liable does not determine your verdict as to any other one of these defendants.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instruction 3.01.1

## BURDEN OF PROOF – § 1983 CASE

The plaintiff has the burden of proving each element of his §1983 claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on his claim, the plaintiff must persuade you that it is more likely than not: first, that the defendant engaged in the alleged conduct under color of state law; second, that the conduct deprived the plaintiff of a right protected by the federal Constitution; and third, that the defendant's conduct was the proximate cause of the damages, if any, sustained by the plaintiff.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instruction 3.03.1

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties- -that it is equally probable that one side is right as it is that the other side is right- -then you must decide that issue against the party having the burden of proof – in this case the plaintiff. That is because the party bearing this burden must prove more than simple equality of evidence- -he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper

standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this, and

you should put it out of your mind.

Source: 4 Sand, *et al.*, Modern Federal Jury Instructions, Instruction 73-2.

### FIRST AMENDMENT

Under the First Amendment, a citizen has the right to petition the government.  In order to

prove the defendants deprived the plaintiff of this First Amendment right, the plaintiff must prove

the following elements by a preponderance of the evidence:

      1.     the plaintiff engaged in speech protected under the First Amendment;

      2.     the defendants took action against the plaintiff; and

      3.     the plaintiff's protected speech was a substantial or motivating factor for the defendant's decision to take action against the plaintiff; and

      4.     the plaintiff was chilled in his exercise of speech protected under the First Amendment.

Source: Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001); Gill v. Pidlypchak, 389 F.3d 379, 383 (2d Cir. 2004); Bartels v. Inc. Village of Lloyd Harbor, 08-CV-1256 (E.D.N.Y. September 22, 2010); 87-95 Sand.

### PERMITTED RESTRICTION ON SPEECH

A municipality, such as the Village of Lloyd Harbor, may place reasonable time, place, and

manner restrictions on an individual's speech so long as the restrictions are content-neutral, serve

a significant government interest, and leave open alternative channels for expression.

Source: United States Postal Serv. v. Council of Greenburgh Civil Ass'ns, 453 U.S. 114, 132 (1981).

### OPEN BOARD MEETINGS

Because the Village held open meetings, inviting public discourse on the matters at hand, this

Court views those meetings as a limited public forum for first amendment analysis. *See Devine v.*

6

*Village of Port Jefferson*, 849 F.Supp. 185 (E.D.N.Y. 1994) *citing Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45-46, 103 S.Ct. 948, 954-956, 74 L.Ed.2d 794 (1983); *190 *City of Madison Joint School Dist. v. Wisconsin Employment Relations Comm'n,* 429 U.S. 167, 175, 97 S.Ct. 421, 426, 50 L.Ed.2d 376 (1976). Reasonable time, place and manner restrictions on speech in limited public fora comport with the Constitution so long as they are content-neutral, serve a significant government interest and leave open alternative channels for expression. *See United States Postal Serv. v. Council of Greenburgh Civil Ass'ns*, 453 U.S. 114, 132, 101 S.Ct. 2676, 2686, 69 L.Ed.2d 517 (1981).

Additionally, the Village had a significant interest in conducting its meetings in an orderly and effective fashion. Moreover, any threat of arrest would have been a reasonable response to a failure to follow the Mayor's directive and cease interrupting the public meeting. *See Divine, supra, citing Stefan v. Laurenitis*, 695 F.supp. 1330, 1341 (D.Mass. 1988), rev'd on other grounds, 889 F.2d 363 (1st Cir. 1989).

### REASONABLE FORCE

An officer is justified in using non-deadly physical force in the reasonable exercise of his official powers, duties or functions. The reasonableness of a particular force used must be judged by the perspective of a reasonable officer on the scene.

Source: New York Penal Law § 35.05(1); Graham v. Connor, 490 U.S. 386, 396 (1989).

### FREE SPEECH RETALIATORY CLAIM – WHETHER SPEECH RESTRICTIONS WERE REASONABLE AND NECESSARY TO FURTHER EFFICIENT GOVERNMENTAL OPERATIONS

The First Amendment to the Constitution of the United States gives every citizen the right to freedom of speech. This includes the right of the plaintiff to speak and write with regard to

7

matters related to his official capacity. However, this right to free speech is not an absolute right, and can be restricted under certain circumstances, as I will shortly instruct you.

First, the plaintiff must prove, by a preponderance of the evidence that, under the facts in this case, the defendants did impermissibly restrict the speech of the plaintiff.

You must determine whether the defendants intended to prevent the plaintiff from freely speaking out on issues of public concern, and you must determine, in light of plaintiff's conduct, whether the restrictions were reasonable and necessary to further the efficient operations of the Village. Under all of the circumstances in this case, including all of the testimony and exhibits in evidence concerning the defendants, you must decide whether these restrictions were reasonable. Did the defendants impose these restrictions to totally prevent the plaintiff from speaking out on matters of public concern, or did they impose the restrictions reasonably to further the efficiency of the Village?

If you find that the restrictions on the plaintiff's speech were not reasonable and appropriate and were designed to prevent the plaintiff from speaking out on matters of public concern, and were required to further the efficient operations of the Village, then these conditions did impermissibly restrict the plaintiff's speech.

However, if you find that the restrictions were reasonable and appropriate and, based on the plaintiff's conduct, were required to promote and further the efficient operations of the Village, then the imposed conditions did not impermissibly restrict his speech.

I will now discuss the second issue you must determine in the liability phase. If you find that the plaintiff proved, by a preponderance of the evidence, that his speech was impermissibly restricted then you must decide whether the defendants proved, by a preponderance of the evidence, that they

8

reasonably believed that the plaintiff's statements were likely to disrupt the efficient operations of the Village.

The plaintiff had the right to practice his freedom of speech only to the extent that it did not interfere with the efficiency or the operations of the Village.

In this regard, I instruct you that the Village could properly restrict the speech of the plaintiff in the manner they did, if they reasonably believed that what the plaintiff said would disrupt the efficiency of the Village. The defendants need not prove that the plaintiff's statements actually interfered with the Village operations; they need only prove by a preponderance of the evidence that the plaintiff's speech threatened to interfere with the Village's operations, and that the defendants reasonably believed that the plaintiff's speech would likely disrupt the efficient operations of the Village.

If the defendants prove, by a preponderance of the evidence, that the defendants reasonably believed that the plaintiff's speech would likely disrupt the efficient operations of the Village, they had the right to restrict his speech in the manner they did. In that event there was no First Amendment violation.

If the defendants fail to prove this, then the restrictions did violate the plaintiff's free speech rights.

**Attributions**: Adapted from *Nicolls v. Ancewicz*, E.D.N.Y. 93 Civ. 5052 (Judge Spatt) (December 25, 1995).

**Cross-Reference**: 1A Schwartz, Section 1983 Litigation: Claims and Defenses §§ 3.11 – 3.12 (3d ed. 1997)

9

## AFFIRMATIVE DEFENSE (MT. HEALTHY)

If you find that the plaintiff's protected speech was a substantial or motivating factor in the defendant's decision to take action against the plaintiff, you must consider whether the defendant has presented an additional defense to the plaintiff's case.

The defendant must show by a preponderance of the evidence that it would have made the same decision without considering the plaintiff's protected speech. It is a defense only if the defendant would have acted on those other reasons in the absence of the plaintiff's protected speech.

Source: Sand, Instruction 87-99, *Mt. Healthy City School Dist. Board of Educ. v. Doyle*, 29 U.S. 274, 97 S.Ct. 568, 50 L. Ed. 2d 471 (1977).

## CHILLING

Here, plaintiff alleges no injury other than the chilling of his speech. In order to demonstrate chilling, the plaintiff must establish a claim of specific, present, objective harm or a threat of specific future harm. Allegations of a subjective 'chill' are inadequate. If the plaintiff continues to engage in the protected speech that allegedly motivated the unconstitutional retaliation, then he failed to establish an actual chilling of his speech.

Source: Laird v. Tatum, 408 U.S. 1, 13-14 (1972); SEIU/AFL-CIO v. Rowland, 221 F.Supp.2d 297, 343 (D.Conn. 2002)

## FREE SPEECH RETALIATORY PROSECUTION CLAIM

The plaintiff claims that he was subject to criminal prosecution in retaliation for the exercise of his First Amendment free speech rights. He claims that the defendants encouraged the prosecutor to institute criminal proceedings against the plaintiff because he exercised his free speech rights. The defendants deny these assertions.

10

I find that as a matter of law plaintiff's speech was a matter of public concern. Therefore, you need not concern yourself with this issue.  To prevail on his claim, the plaintiff must establish, by a preponderance of the evidence, the following three elements:

1.      Defendant encouraged the prosecutor to institute criminal proceedings against the plaintiff in order to retaliate against him for the exercise of his free speech rights; and

2.      The criminal prosecution would not have been instituted against the plaintiff but for his exercise of free speech rights; and

3.      There was a complete lack of probable cause for the institution of the prosecution.

I will explain probable cause to you separately.

If you find that the plaintiff has established each and every one of these three elements, you must return a verdict for the plaintiff. If you find that the plaintiff has failed to establish all three of these elements, you must return a verdict for the defendant.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instruction 4.02.8

### PROBABLE CAUSE

Probable cause means facts and circumstances that could leads a reasonably prudent person to have believed that the plaintiff had committed a violation. In making this decision, you should consider what the defendant police officer knew and what reasonably trustworthy information the defendant officer had received.

It is not necessary that the defendant had probable cause to arrest plaintiff for the offense for which he charged the plaintiff, so long as defendant had probable cause to arrest him for some criminal offense or violation.

11

Probable cause requires more than just a suspicion.  On the other hand, probable cause does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that defendant's belief was probably right. The fact that this violation was dismissed is irrelevant to whether there was probable cause at the time of his arrest.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instruction 8.01.3


The violations at issue are defined as follows by the New York Criminal Procedure Law:

§240.26 Harassment in the second degree.

A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person:

     1.     He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or

     2.     He or she follows a person in or about a public place or places; or

     3.     He or she engages in a course of contact or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.


§240.20 Disorderly Conduct

A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:

     1.     He engages in fighting or in violent, tumultuous or threatening behavior; or

     2.     He makes unreasonable noise; or

     3.     In a public place, he uses abusive or obscene language, or makes an obscene gesture.

## MUNICIPAL LIABILITY

To hold the Village liable under §1983, the plaintiff must prove by a preponderance of the evidence that the Village had a custom or practice of retaliating against individuals who exercise their First Amendment rights. In other words, plaintiff must prove that the violation of his federally protected rights was not an isolated incident, but was part of a persistent, widespread practice of the Village.

The fact that an employee or employees of the Village deprived the plaintiff of his federally protected rights is not itself a sufficient basis for imposing §1983 liability against the Village. There must have been a custom or practice.

The plaintiff does not contend that the Village of Lloyd Harbor has a formal written policy of retaliating against plaintiff for exercising his First Amendment rights. Plaintiff alleges instead that the Village has had a long-standing custom or practice of retaliating against him for exercising his First Amendment rights.

A custom or practice is a well settled, persistent, widespread course of conduct by municipal officials having the force of law. Whether there was such a practice or custom is a question of fact for you, the jury, to determine. In making this determination you may consider how long the alleged practice existed; and the number and percentage of Village officials engaged in the practice.

A municipal practice or custom has the force of law when it has been approved by the municipal entity's policymakers, or when the policymakers, after being placed on notice of a practice or custom of unlawful conduct, are deliberately indifferent to it. Not every official employee or agent is automatically a policymaker.

13

To find in favor of the plaintiff and against the Incorporated Village of Lloyd Harbor, you must find: (1) the violation of the plaintiff's rights was pursuant to a long-standing custom or practice of the Village; and (2) the policymakers of the Village either approved or were deliberately indifferent to the custom or practice. If you find that the plaintiff has failed to establish any of these elements, your verdict must be for the Incorporated Village of Lloyd Harbor.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instruction 15.04.1

### QUALIFIED IMMUNITY

An individual defendant will be entitled to qualified immunity if, at the time of the conduct complained of, he/she did not know that his conduct was contrary to clearly established federal law. I will instruct you in a moment about the clearly established law regarding the plaintiff's claims.

If you find that the particular defendant is entitled to qualified immunity for a particular claim, you may not find him or her liable for that claim. If, however, you find that that defendant is not entitled to qualified immunity with respect to that claim, you may proceed.

### CLEARLY ESTABLISHED LAW

As I have told you, a particular defendant will be entitled to qualified immunity if, at the time he engaged in the conduct complained of, he or she should have known that his actions were contrary to clearly established law. I now instruct you that the following law was clearly established regarding the plaintiff's claims at the time of the events at issue in this case.

With respect to plaintiff's First Amendment claim, it was clearly established law that:

1.      Plaintiff has a right to speak out, subject to time, place, and manner restrictions.

### OBJECTIVE REASONABLENESS

The defendants whom you are considering have the burden of demonstrating that their conduct

14

did not violate the clearly established federal law about which I have instructed you. A particular defendant is entitled to qualified immunity only if a reasonable public official in defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

In deciding what a reasonable public official should have known about the legality of his conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to him at the time of the incident in question, and the events that confronted him.

In the case of an arrest, if a police officer reasonably believed that he had reasonable cause to arrest, then he will be entitled to qualified immunity. The officer is thus entitled to two (2) levels of reasonable analysis.

Thus, you must ask yourself what a reasonable official in the particular defendant's situation would have believed about the legality of his conduct. You should not consider the defendant's subjective good faith or bad faith. If you find that a reasonable official in the defendant's situation would have believed that his conduct was lawful, the official is protected from liability by qualified immunity.

To summarize, if the defendant whom you are considering convinces you by a preponderance of the evidence that his conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for that defendant on that claim. This is so even though you may have previously found that the defendant in fact violated the plaintiff's protected rights. If you find that the defendant has not proved that he is entitled to qualified immunity on a particular claim, then you should proceed.

**Source:** <u>Section 1983 Litigation: Jury Instructions</u>, Volume 4, Instruction 17.02.1

## BIAS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searing scrutiny.

Source: 4 Sand, *et al.*, Modern Federal Jury Instructions, Instruction 76-2.

## INTEREST IN OUTCOME

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that the testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his testimony.

Source: 4 Sand, *et al.*, Modern Federal Jury Instructions, Instruction 76-3.

16

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. It is solely for you, the jury, to determine the credibility of a witness's testimony. Credibility means the believability of a witness's testimony. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  The opportunity and ability of the witness to see or hear or know the thing testified to;

2.  The witness' memory;

3.  The witness' manner while testifying;

4.  The witness' interest in the outcome of the case and any bias or prejudice she may have.

5.  Whether other evidence contradicted the witness' testimony;

6.  The reasonableness of the witness' testimony in light of all the evidence; and

7.  Any other factors that bear on believability.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instruction 2.03.2

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations. In addition, there are two different kinds of evidence—direct evidence and circumstantial evidence.

Direct evidence can prove a material fact by itself. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what she saw, heard, or felt. In other words, when a witness testifies about what is known from his own personal knowledge by virtue of his own senses, what he sees, touches, or hears—that

17

is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a relevant fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is the opposite of direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences.

There is a simple example of circumstantial evidence which is often used in the federal courts. Assume that when you got up this morning it was a nice, sunny day. But when you looked around you noticed that the streets and sidewalks were very wet. You had no direct evidence that it rained during the night. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from circumstantial evidence is for you to determine. It is for you to decide how much weight to give to any evidence.

Inference from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn by guesswork, speculation, or conjecture.

The law does not require a party to introduce direct evidence. A party may prove a fact based entirely on circumstantial evidence, or upon a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. You are to consider all of the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

18

Source: <u>Section 1983 Litigation: Jury Instructions</u>, Volume 4, Instruction 2.03.1

## DAMAGES—GENERALLY

If you find that the plaintiff has proved by a preponderance of the evidence all of the elements of plaintiff's claim for relief for the alleged violation of his federal rights, you must then decide if he suffered any damages as a result of the violation.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other. It is for you alone to decide in accordance with my instructions whether a defendant whom you are considering is liable.

You should not reach the issue of damages unless you find that the plaintiff has fully established liability on his First Amendment claim.

I instruct you that an attorney's statement to you of the amount of damages you should award the plaintiff is not binding upon you. It is not evidence; it is only a lawyer's statement. It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate the plaintiff for any injuries and damages he has sustained. You are to make that determination solely on the basis of the evidence in this case, and on the law I will give you, and not on the basis of an attorney's statement, claim, or argument.

## CAUSATION AND DAMAGES

If you decide that the plaintiff sustained actual damages, your award of compensatory damages must encompass only those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you must award compensatory damages only for those injuries that you find the plaintiff has proven to be a proximate result of defendants' conduct in

19

violation of Section 1983. That is, you may not simply compensate plaintiff for any injury suffered by him; you must compensate plaintiff only for those injuries that are a direct result of defendants' conduct that violated the plaintiff's constitutional rights.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his constitutional rights. You may, however, compensate the plaintiff to the extent that you find that he was further injured by defendants' violations of his constitutional rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

There is no claim in this case that the plaintiff sustained any loss of income or other economic loss or sought any medical treatment. So, in calculating compensatory damages, you may not include any amount for those types of losses.

### MITIGATION OF DAMAGES

If you find that the plaintiff was injured as a natural consequence of conduct by the defendant in violation of section 1983, you must determine whether the plaintiff could thereafter have done something to lessen the harm that he suffered. The burden is on the defendant to prove, by a preponderance of evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to do so. If the defendant convinces you that the plaintiff could have reduced the harm done to him but failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury that he would have suffered if he had taken appropriate action to reduce the harm done to him.

20

SAND, INSTRUCTION 87-99

### JUDGE'S QUESTIONING OF WITNESS

At various points in the trial I questioned witnesses presented by the parties. It is proper for a judge to participate in the questioning of a witness for the purpose of clarifying the evidence, confining counsel to the court's evidentiary rulings, controlling the orderly presentation of the evidence, and preventing undue repetition of testimony. You should not interpret the court's questioning of a witness as indicating the court's opinion in the case. The findings of facts and verdict in this case are solely for you, the jury, to determine.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instructions 2.03.13

### JUDICIAL NOTICE

A court may take judicial notice of a fact when the fact is not reasonably subject to dispute because it is generally known within the geographic area in which the court sits. I have judicially noticed:

You must accept these facts as true even though you did not and will not hear any evidence on it.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instructions 2.03.15

### WHAT IS NOT EVIDENCE

You should not consider certain things to be evidence. I will list them for you: First, if I instructed you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

21

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory of the evidence is what counts.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instructions 2.03.16

### PARTY'S FAILURE TO PRODUCE EVIDENCE

If you find that a party could have produced certain evidence, and that the evidence was within that party's control, and that this evidence would have been relevant in deciding facts in dispute in this case, you are permitted, but not required, to infer that the evidence, if produced, would have been unfavorable to that party.

In deciding whether to draw this inference, you should consider whether the evidence that was not produced would merely have duplicated other evidence already introduced. You may also consider whether the party has offered a reason for not producing this evidence, and whether that reason was explained to your satisfaction.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instructions 2.04.1

22

## CONDUCT OF JURORS

To insure the fairness of the decision making process you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to deliberate on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case. You should not spend time with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side, even if it is simply to pass the time of day, suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news, magazine, or Internet stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

*Sixth*, do not do any research or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Source: Section 1983 Litigation: Jury Instructions, Volume 4, Instructions 2.06.1

**PLEASE TAKE NOTICE** that the above requests are being submitted at a time prior to the close of all evidence in this case, and at a time before the parties have rested. Accordingly, defendants respectfully reserve the right to submit or request additional charges on the law after all sides have rested and the evidence is completed.

Dated: Mineola, New York
      March 3, 2011

MIRANDA SAMBURSKY SLONE
SKLARIN VERVENIOTIS LLP

Michael A. Miranda (MAM-6413)
Kelly C. Spina (KS-0455)
Attorneys for Defendants
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Our File No. 08-180

24